IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
HOUSTON DIVISION

| | | |
|---|---|---|
| DELMON THOMPSON, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO.: _____ |
| WILLOW CREEK COMPANIES, LLC | § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Delmon Thompson ("Plaintiff") and files this Original Complaint against Defendant Willow Creek Companies, LLC ("Defendant").

### I.   SUMMARY OF CASE

1. Delmon Thompson was one of only two African American employees at Defendant Willow Creek. He faced harassment and insubordination from his Hispanic crew members, and after complaining to his manager, was told to "keep [expletive] to himself" and then told to racially segregate his crew to diffuse tensions. He wrote an email complaining about this to the company owner Russell Fowles' father. Shortly after this, he was transferred from that crew, and then terminated for a clearly false reason, in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981. The Company recently fired the remaining African American employee.

### II.   PARTIES

2. Plaintiff is a resident of Miramar, Florida.

1

3. Defendant Willow Creek LLC is a subsidiary of Blue Castle Holdings LLC, which is a domestic limited liability company doing business in the State of Texas, and can be served via its registered agent, Glen Scriber, 3401 Brighton Court, Highland Village, TX 75077.

### III.  JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically, Title VII of the Civil Rights Act, and 42 U.S.C. § 1981.

5. The Title VII venue statute allows for Plaintiff's claims to be brought "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Venue is proper in this Court because the unlawful employment practices alleged in this case occurred in Texas.

### IV.  FACTS

6. Plaintiff commenced employment as a sub-contractor with Defendant on April 10, 2018. Initially hired as a general laborer, Plaintiff quickly was promoted to Foreman. Plaintiff oversaw a crew of eight Hispanics, one African American, and two Caucasian workers. The foreman whom Plaintiff replaced was Hispanic and friends with the Hispanic crew. The Hispanic crew refused to respect Plaintiff and showed him continual disrespect. They stated that "[Plaintiff was] a black guy taking our buddy's job" after Plaintiff suggested that everyone should work together to get the job done. They refused to share the Company water, telling him, "If you're not a Mexican, you can't drink this." Plaintiff decided he would buy his own cooler, ice, and water.

When Plaintiff brought his own personal cooler to the job site, the Hispanic crew threw it off of a truck and broke it.

7.      Plaintiff complained to his boss Toby Roundtree about the hostility amongst the Hispanic staff and how Diego (LNU), the Assistant Superintendent of Meters, told Plaintiff to separate the Hispanics from his crew. Plaintiff was flabbergasted and asked Diego, "what, like segregation?" Diego responded, "yes, like segregation." Plaintiff expressed that this was wrong and unfair. Roundtree did not support Plaintiff in fixing the problems with the crew. Further, in response to the water incident, told him, "Man, we have more water than Africa. You can drink hot water." Defendant had no reason to be flippant. Earlier an employee had suffered a heat stroke and was hospitalized. The official report by Defendant claimed that "she hadn't acclimated to the hot weather."

8.      Seeing that nothing was coming from his complaints to Roundtree, Plaintiff complained to the safety director. Roundtree then approached Plaintiff and told him he "needed to keep [expletive] to himself." Plaintiff wrote an email in late May 2018, to Randall Fowles, the father of the company's owner and a local manager, complaining of management and of the racial segregation. Fowles did not respond. Plaintiff asked him about the complaint a week or so later, and Fowles told him, "What do you want me to do?" Fowles said he would forward it up the chain of command. Defendant admitted to the EEOC that regional manager Charles Anderson received the complaint and conducted no investigation, other than calling Roundtree for his version of events.

9.      After the written complaint, Plaintiff was transferred to another unit with lesser job duties. In June 2018, the company approved issuing him a truck. Plaintiff had changed his last name to his wife's last name a couple of years prior. Plaintiff identified this to Defendant when

3

he started and identified both last names on his I-9 form. Plaintiff asked in the office which name he should use for the truck paperwork, and the clerk told him to use his former last name to match his recently issued Texas ID. Defendant had copies of both his Florida driver's license, with his new legal name, and his Texas driver's license, with Plaintiff's former name.

10. On June 26, 2018, Fowles fired Plaintiff for allegedly falsifying company documents by using two last names. Corporate Human Resources confirmed to Plaintiff that he had been fired for using a different last name on company paperwork. The reason for his termination is false. Plaintiff clearly provided both of his last names to Defendant, and Defendant directed him which name to use.

11. Since his termination, Defendant replaced Plaintiff with a Hispanic worker. The Hispanic staff told a close friend of Plaintiff's, "We got your black buddy out of here, so now you can drink out of the cooler;" "We got a Spanish guy now. We are good now;" and "We have a Mexican in charge."

12. Defendant discriminated and retaliated against Plaintiff in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981. Defendant's proffered reason for termination, falsifying documents by using different last names, is pretext.

### V.    COUNT ONE – DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT AND 42 U.S.C. § 1981

13. Plaintiff adopts by reference all of the facts set forth above.

14. Title VII and Section 1981 prohibit discrimination based on race, ancestry, or ethnic characteristics in the performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. These statutes also prohibit harassment based on race, ancestry, or ethnic characteristics.

15. In order to prove a prima facie case under either law, a plaintiff must establish that (1) he is part of a protected class; (2) he is qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced with a person who is not a member of the protected class. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281 (5th Cir. 2004). Plaintiff is African American, was qualified for his position, was adversely terminated, and was replaced by a Hispanic worker. Moreover, Defendant terminated Plaintiff for a false reason, which was a pretext for discrimination.

## VI. COUNT TWO – RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT AND 42 U.S.C. § 1981

16. Plaintiff adopts by reference all of the facts set forth above.

17. Title VII prohibits retaliation for opposing acts prohibited by the antidiscrimination sections of the law. 42 U.S.C. § 2000e-3(a). Section 1981 also prohibits retaliation. *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 339 (5th Cir. 2003).

18. Courts recognize that Title VII and § 1981 claims are governed by the same evidentiary framework. To present a prima facie case of retaliation under either Title VII or § 1981, a plaintiff must show that (1) he engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment case. *Willis v. Cleco Corp.*, 749 F.3d 314 (5th Cir. 2014). Plaintiff engaged in a protected activity by complaining of the discriminatory treatment. Plaintiff was transferred because of his complaints to management and then terminated shortly after his complaints. The reason for Plaintiff's termination was false, and is a pretext for discrimination and retaliation.

## VII.   JURY DEMAND

19. Plaintiff demands a trial by jury.

## VIII.  PRAYER

20. Plaintiff requests that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against the Defendants for the following:

   a. Back pay and front pay in lieu of reinstatement;

   b. Mental anguish and emotional distress damages;

   c. Punitive damages;

   d. Pre-judgment and post-judgment interest as allowed by law;

   e. Attorney's fees and costs; and

   f. All such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: */s/ Samantha Martinez*
Samantha Martinez
ATTORNEY IN CHARGE
Federal Id No. 27604
State Bar No. 24026860
MARTINEZ FIRM, PLLC
sam@mtzfirm.com
325 Heights Blvd.
Houston, TX 77007
Telephone:   (713) 333-3270
Telecopier:   (713) 333-3275

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Delmon Thompson

**(b)** County of Residence of First Listed Plaintiff: **Broward**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Samantha Martinez, 325 Heights Blvd., Houston, TX 77007, 713-333-3270

## DEFENDANTS
Willow Creek Companies, LLC

County of Residence of First Listed Defendant: **Garfield**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
|  |  | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000e and 42 U.S.C. 1981
Brief description of cause:
Race discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ $500,000 +
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 12/04/2019
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____